**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4588**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AVIN JABBAR DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, Chief District Judge.  (2:06-cr-00836-DCN)

Submitted:  November 20, 2007      Decided:  November 28, 2007

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Alston Calhoun Badger, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Avin Jabbar Davis entered a guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (2000). He received a sentence of 115 months' imprisonment. Davis' counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), concluding there are no meritorious issues for appeal but raising as potential issues whether the district court fully complied with Fed. R. Crim. P. 11 and whether Davis' sentence was reasonable. Although advised of his right to do so, Davis has not filed a pro se supplemental brief. Finding no reversible error, we affirm.

Counsel first raises the issue of whether the district court fully complied with Rule 11, but identifies no error in the Rule 11 proceeding. After a thorough review of the record, we find the district court fully complied with the requirements of Rule 11.

Davis next questions whether his sentence was reasonable. This Court will affirm a sentence if it "is within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of reasonableness to within-guidelines sentence).

- 2 -

In the presentence report, because Davis had at least two prior convictions for controlled substances, his offense level was 24. See U.S. Sentencing Guidelines Manual ("USSG") §2K2.1(a)(2) (2006). He received a two-level enhancement because the firearm involved in the offense was stolen, USSG § 2K2.1(b)(4)(A), and a two-level enhancement for obstruction of justice, USSG § 3C1.1. Thus, his total offense level was 28. With a criminal history category VI, Davis' advisory guideline range was 140 to 175 months' imprisonment. However, because the statute under which he was convicted called for a maximum sentence of 10 years, his guideline range was 120 months' imprisonment. After the district court sustained Davis' objection to the obstruction of justice enhancement and applied a three-level adjustment for acceptance of responsibility under USSG §3E1.1, the court established Davis' guideline range at 92 to 115 months. After considering and examining the sentencing guidelines and the relevant 18 U.S.C. § 3553(a) (2000) factors, the district court sentenced Davis to 115 months' imprisonment. We find the district court's imposition of a 115-month sentence, which was within the advisory guidelines range and below the statutory maximum, was reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Davis, in writing, of the right

to petition the Supreme Court of the United States for further review.  If he requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED